JOHN BELL, ETC., *v.* JOSEPH A. FARRIS ET AL.

**Partition—How Made.**

When parties are entitled to two or more shares in the same tract of land, these shares should be allotted together if it can be done without doing injury to the others interested. To allot each share entirely remote from each other or to divide the land so as to increase the fencing necessary to enclose the lots ought always to be avoided.

APPEAL FROM BATH CIRCUIT COURT.

After the death of Drury B. Boyd, his widow and children had the tract of land owned by him at his death partitioned between them, and ninety acres of the tract was assigned to the widow as dower—the widow afterwards died and the children all united in a petition to the county court of Bath for a partition of the dower of ninety acres. Boyd left three children, Wm. D. Boyd, Elizabeth Farris and Sarah L. Bell.

In the first partition of the land W. D. Boyd was allotted 107 acres and 5 poles. Mrs. Farris 84 acres, 1 rod and 12 poles, and Mrs. Bell 82 acres and 37 poles. In the partition of the ninety acres the commissioners allotted to W. B. Boyd 34.1 acres and 18 poles, and this adjoins his land allotted to him in the first division. They allotted to Mrs. Farris 14 acres and 27 poles, including the dwelling house and improvements, and by this allotment the tract of 42 acres allotted to Mrs. Bell lies directly between Mrs. Farris' two parcels of land. They then proceeded to allot to Mrs. Bell 34 acres, 1 rod and 20 poles of the dower, disconnected almost from the parcel first assigned her, making a sort of serpentine boundary to these two parcels as causes them to encircle almost the whole tract. Much additional fencing is made necessary by such a division and must necessarily lessen greatly the value of Mrs. Bell's land. If the commissioners had allotted to Mrs. Bell the 14 acres and 27 poles of land, it would have placed her land in good shape without impairing or lessening the value of the parcels allotted to the other children. As the land is now divided, Mrs. Farris can not reach her lot in the first division from the lot last assigned her without passing over the lot first assigned Mrs. Bell, and by giving to Mrs. Farris the 34 acres, she will only have to pass over the same ground.

When parties are entitled to two or more shares in the same tract of land, these shares should be allotted together if it can be done without doing injury to the others interested. To allot each share entirely remote from each other or to divide the land so as to increase the fencing necessary to enclose the lots, ought always to be avoided if it can be done without injurying any of the parties interested. The lot of 14 acres and 27 poles assigned to Mrs. Farris should be allotted to Mrs. Bell, and Mrs. Bell's lot of 34 acres, 1 rod and 20 poles to Mrs. Farris, with the right to Mrs. Farris of passing over the lands of Mrs. Bell to the lot of land assigned her in the first division. This passway should be so designated and so laid off as not to injure the lands of Mrs. Bell more than is necessary. The judgment of the court below is reversed and the cause remanded with directions to make the allotment as herein indicated. and for further proceedings not inconsistent with this opinion.

*Reid & Stone, Hurt,* for appellants.
*Nesbitt, Apperson,* for appellees.